# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KOREY L. AARSTAD, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, et al.,<br><br>Defendants. | **CV-17-72-GF-BMM-JTJ**<br><br>**Order Adopting Findings and Recommendations** |

Plaintiff Korey L. Aarstad, along with 191 other named plaintiffs (collectively "Plaintiffs"), sought an order remanding this case to state court on the basis that the case was improperly removed from Montana state court based on defendant John Swing's ("Mr. Swing") Montana citizenship. Defendants BNSF Railway Company and Mr. Swing (collectively "BNSF") objected, stating the case was properly removed as a mass action. United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on January 23, 2018. *Id.*

Defendants timely filed an objection on February 6, 2018. (Doc. 61). Defendants claim Judge Johnston incorrectly applied the local controversy exception. (Doc. 61 at 2). The Plaintiffs timely filed an objection to preserve

arguments in regard to Judge Johnston's remand recommendation on February 6, 2018. (Doc. 62).

The Court reviews *de novo* Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews for clear error portions of Judge Johnston's Findings and Recommendations to which the parties specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## **Background**

In 1963, the W.R. Grace & Co. ("WRG") purchased a vermiculite mill in Libby, Montana, from the Zolonite Company. WRG operated the mill until 1990. (Doc. 8 at 2). Plaintiffs were all workers of WRG or Zolonite Company. As a result of toxic asbestos present in the vermiculite ore, thousands of residents of Libby have been diagnosed with mesothelioma, asbestosis, or other asbestos-related diseases over the course of several decades. *Id.* As a result, there are hundreds of asbestos related cases adjudicated or pending in Montana state courts. (Doc. 14 at 5).

Defendant BNSF is a railway company incorporated in Delaware, with its headquarters in Texas. (Doc. 8 at 1). At all times pertinent to this case, BNSF commenced railway operations in the town of Libby, Montana. Mr. Swing served

as a managing agent for BNSF and is a resident of Lincoln County, Montana. (*Id.*) Mr. Swing worked for BNSF from roughly 1970 to 1984. (Doc. 14-3 at 2).

As a result of the bankruptcy of WRG, many Plaintiffs have had their cases stayed pending the bankruptcy process. Cases against BNSF have been subject to an injunction since 2007. (Doc. 14 at 5). Due to the disjunctive nature of the underlying claims, as well as the varying exposure events and dates of diagnosis, Plaintiffs' claims normally would be subject to several different statutes of limitations. The tolling period for Plaintiffs' claims ended in September of 2016, however, due to various tolling agreements between the parties and the pending bankruptcy action. (*Id.* at 7-8).

## **Standard of Review**

A defendant may remove an action from state court to a federal court if the federal court would have possessed original subject matter jurisdiction over the matter. 28 U.S.C. § 1441. A federal court possesses original jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity means that no defendant is a citizen of the same state as any plaintiff. The party seeking to remove an action to federal court holds the burden to show federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

A federal court possesses original jurisdiction over certain class actions which have minimum diversity and an amount in controversy exceeding five million dollars, exclusive of costs and interests. 28 U.S.C. § 1332(d)(2). For the purposes of federal subject matter jurisdiction, a class action also includes a "mass action," which is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve a common questions of law or fact[.]" 28 U.S.C. § 1332(d)(11)(B)(i). According to subsection (d)(11)(A) of the same statute, "a mass action shall be deemed to be a class action," and is removable pursuant to subsections (d)(2)-(d)(10).

## Discussion

- **Mass Action**

A "mass action" is a class action which can be removed to federal court if it meets the following elements: (1) numerosity: the action must involve the monetary claims of 100 plaintiffs or more; (2) amount in controversy: $5,000,000 or more in the aggregate (excluding interests and costs); (3) diversity: minimal diversity must be met, and; (4) commonality: plaintiffs' claims involve common questions of law and fact. (Doc. 41 at 9) (*citing Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1202-03 (11th Cir. 2007)).

Plaintiffs argue that their Complaint served as a "place marker filing" to preserve the statute of limitations and not to assert a joint claim. (Doc. 13 at 2). BNSF argues that nothing in the Plaintiffs' pleadings pre-removal indicated their intent to try the claims separately. (Doc. 41 at 5). Judge Johnston correctly notes that the Plaintiffs are the "masters of their complaints" and can structure their actions and pleadings in a manner to avoid federal jurisdiction. *Corber v. Xanodyne Pharmaceuticals, Inc.*, 771 F.3d 1218, 1223 (9th Cir. 2014). Accordingly, the Court must look to the four corners of Plaintiffs' Complaint.

Judge Johnston determined that this action constitutes a mass action. (Doc. 60 at 9). It is undisputed that this action sets out monetary claims of 100 or more plaintiffs and that the amount in controversy exceeds five million dollars exclusive of costs and interest. Judge Johnston also found that Plaintiffs' claims all involve common questions of law or fact. In the Complaint, every single Plaintiff alleges a negligence claim and a strict liability claim against BNSF, which shows a common question of law. (Doc. 8 at ¶¶ 66-79). Judge Johnston found that the common answer to the question of whether BNSF was negligent would produce a common answer to "drive the resolution of the litigation." All the elements of a mass tort exist on the face of the Complaint.

Judge Johnston found that this action constitutes a mass action under 28 U.S.C § 1332 (d)(11), and, therefore, the Court possesses original jurisdiction and removal was proper. 28 U.S.C § 1332 (d)(2).

- **Local Controversy Exception**

The Local Controversy Exception states that if two-thirds of the plaintiffs are citizens of the State in which the action was filed, the district court shall decline jurisdiction if: (1) "at least one defendant . . . from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted" by the plaintiffs is a citizen of the State in which the action was originally filed, and the alleged conduct of that one defendant also occurred in the State, or (2) the "primary defendants" are citizens in the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4).

"A plaintiff seeking remand has the burden of showing that the local controversy exception applies." *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011). Moreover, the language of the statute "favors federal jurisdiction over class actions," and the legislative history also "suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

- **Two-thirds requirement**

Plaintiffs must show that at least two-thirds of the members of the class are citizens of the State in which the action was originally filed. (Doc. 60 at 12). The Court may look to extrinsic evidence to determine a party's citizenship. *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1121 (9th Cir. 2015). Judge Johnston found that Plaintiffs met their burden of proving citizenship from the affidavit provided by Plaintiffs that alleged that over two-thirds of the class members are Montana citizens. (Doc. 60 at 14).

- **Local Controversy**

Plaintiffs must show that the Complaint meets the elements of the local controversy exception. *Coleman*, 631 F.3d at 1013. Plaintiffs must demonstrate that at least one of the defendants, who is a citizen of Montana, is a defendant: (1) "from whom significant relief is sought," and (2) "whose alleged conduct [in Montana] forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(II)(aa)-(bb). Judge Johnston found, and it was not contested, that Mr. Swing is a Montana citizen for the purposes of the analysis. (Doc. 60 at 16).

For significant relief sought, BNSF argued that the relief sought was not significant, and that any relief sought from Mr. Swing is a "small change" compared to the relief sought from BNSF. (Doc. 60 at 18). BNSF also argued that the Plaintiffs' counsel knows Mr. Swing cannot satisfy the judgement, therefore, the relief sought will not be significant. (Doc. 60 at 19). Judge Johnston

determined that the Court is not permitted to assume that Mr. Swing is indigent and cannot satisfy Plaintiffs' claim of damages. Accordingly, Judge Johnston determined that Plaintiffs had met their burden to show that they are seeking significant relief from Mr. Swing.

For the significant basis of claims analysis, Judge Johnston found that a significant basis hinges on whether the complaint "contains information about the conduct of [the local defendant] relative to the conduct of the other defendants. . . .as it relate[s] to the claims of the putative class." *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 361 (5th Cir. 2011). Additionally, the local defendant's alleged conduct must affect "all or a significant portion of the putative class." *Id.* at 362. This does not mean, however, "that the local defendant's alleged conduct form[s] a basis of each claim asserted; it requires the alleged conduct to form a significant basis of all the claims asserted." *Id.* at 361 (*quoting Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009)).

Judge Johnston acknowledged that the Complaint set forth allegations that distinguish Mr. Swing's individual wrongful acts from those of BNSF. (Doc. 8 at ¶67). Judge Johnston looked to the Complaint which alleges that Mr. Swing personally knew of the danger of asbestos and personally failed to warn the Plaintiffs. Accordingly, based on the allegations set forth in the Complaint, Judge

Johnston found that Plaintiffs met their burden to show that their claims against Mr. Swing form a significant basis for the claims. (Doc. 60 at 22).

- **Other Class Actions**

Plaintiffs have met the first three elements of the local controversy exception. CAFA requires that the Plaintiffs clear one final hurdle. "[D]uring the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C.A. § 1332(d)(4)(A)(III). Subsection (A)(III) represents a jurisdictional fact, and the Court may look to extrinsic evidence. *Coleman*, 631 F.3d at 1016.

Judge Johnston found no evidence that a similar class action has been filed against any of the defendants "asserting the same or similar factual allegations" within three years of the filing of this action. Judge Johnston determined that Plaintiffs have met their burden as to proving the local controversy exception, 28 U.S.C. § 1332(d)(4), applies in this case. As such, the Court agrees that the action be remanded to state court

## Conclusion

The Court has reviewed Judge Johnston's Findings and Recommendations regarding this matter *de novo*. The Court has reviewed the remaining portions of Judge Johnston's Findings and Recommendations for clear error. The Court finds

no error in Judge Johnston's Findings and Recommendations and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 60), are ADOPTED IN FULL.

**IT IS ORDERED** that the Plaintiffs' Motion to Remand (Doc. 13) is GRANTED and this case is to be remanded to the Montana 8th Judicial Court, Cascade County.

DATED this 15th day of October, 2018.

_____
Brian Morris
United States District Court Judge